```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/20/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x

HERBERT MOTON,

    Plaintiff,

-against-                          No. 15 Civ. 8879 (CM)

MAPLEBEAR INC., d/b/a INSTACART,

    Defendant.
----------------------------------------x

## MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER, VACATE, OR CERTIFY ORDER FOR INTERLOCUTORY APPEAL

McMahon, C.J.:

On March 10, 2017, Plaintiff filed a motion (Dkt. No. 47) to reconsider / vacate this Court's February 9, 2016 order compelling arbitration and staying this litigation (Dkt. No. 32), or, in the alternative, certifying the February 9, 2016 order for interlocutory appeal under 28 U.S.C. § 1292(b). For the reasons stated below, Plaintiff's motion is DENIED.

### Background

The facts of this case are summarized in detail in the Court's February 9 order, so I will repeat only the most relevant ones here. Plaintiff Herbert Moton ("Plaintiff") worked as a "Personal Shopper" for Instacart, a San Francisco-based company that facilitates on-demand grocery delivery services across the country. Plaintiff worked for Instacart pursuant to an Independent Contractor Agreement that he entered into and signed on January 6, 2015. By signing that agreement, Plaintiff agreed to submit "any controversy, dispute or claim arising out of or relating to the Services" performed as a Personal Shopper to binding arbitration in accordance with the agreement's terms.

1

Plaintiff brought the instant lawsuit alleging that he was actually an employee of Instacart, not an independent contractor, and that Instacart failed to pay him overtime wages or reimburse him for certain work-related expenses as required by the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

On December 4, 2015, Instacart moved to compel arbitration of Plaintiff's claims. This Court granted that motion on February 9, 2016, and entered a stay of this litigation pending the outcome of the arbitration.

After I entered the February 9 order staying this litigation, Plaintiff sent a letter stating that "he has decided to decline arbitration, and take an appeal as of right to the Second Circuit." (Dkt. No. 33 at 2.) Plaintiff asserted that the Court "can therefore convert its stay to a dismissal of the action." (*Id.*) Plaintiff did not make any formal motion to the Court at that time, either to reconsider the February 9 order or to modify it in any way.

Plaintiff then attempted to appeal the February 9 order to the Second Circuit, filing his notice of appeal on the same day as his letter. On August 3, 2016, the Circuit dismissed Plaintiff's appeal because the February 9 order did not constitute a "final order" for purposes of appeal. (*See* Dkt. No. 37.) The Circuit stated in its mandate to this Court:

> The district court should determine, in the first instance, whether the Appellant's waiver of the right to arbitrate entitles the Appellant to termination of the existing stay and dismissal of the action, and/or whether certification under 28 U.S.C. § 1292(b) is appropriate. We do not now decide whether dismissal of the action based on the waiver would be proper, whether such a dismissal could be appealed, or whether mandamus review would be the only means to challenge whatever district court order is ultimately entered.

(*Id.* at 1.)

As discussed in this Court's February 6, 2017 order, this Court was unaware of the issuance of the Circuit's mandate until Instacart sent a letter sent five months after it had issued. (*See* Dkt. No. 39.) After a flurry of letters from the parties about what procedure the Court

2

should follow, the Court scheduled a hearing for April 7, 2017, to determine whether Plaintiff's request that the Court "convert its stay to a dismissal" was a request to voluntarily dismiss his complaint. (*See* Dkt. Nos. 42, 44, 46.)

On March 10, 2017, after the hearing was scheduled, Plaintiff filed the instant motion asking the Court to reconsider or vacate the February 9 order or, in the alternative, certify the order for interlocutory appeal. This motion is decided by the Court *sua sponte*, without any need for further briefing.

## Discussion

### I. Motion for Reconsideration / Motion to Vacate

By any measure, Plaintiff's motion for reconsideration / motion to vacate is untimely. Per Local Rule 6.3, "a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." The Court's original order was issued on February 9, 2016, and Plaintiff moved for reconsideration on March 10, 2017, more than *thirteen months* later. Even if this court's order were construed as a final judgment under Rule 60(b) – which, as the Circuit has already explained, it is not – any motion for reconsideration must be made within a year of the original order. Plaintiff's motion is, therefore, denied as untimely.

To the extent that Plaintiff's motion can be read as a renewal of the argument made in the letter sent shortly after the February 9 decision issued – namely, that the Court should have dismissed this action instead of issuing a stay – his argument is wrong for several reasons.

First, Plaintiff never actually moved to alter the February 9 order, although a motion (not a letter) is required by my Individual Rules.

Second, under 9 U.S.C. § 3, a court is *compelled* to enter a stay (rather than a dismissal) "after all claims have been referred to arbitration and a stay requested." *Katz v. Cellco P'ship*,

3

794 F.3d 341, 345 (2d Cir.), *cert. denied*, 136 S. Ct. 596 (2015). Here, all claims were referred to arbitration and Defendant requested a stay. Admittedly, that request was "in the alternative" to dismissal, but in a recent decision, the Second Circuit vacated a district court's decision to dismiss an action following a successful motion to compel arbitration, holding that a stay was *required* because the defendant had requested "either a stay *or* dismissal." *See Virk v. Maple–Gate Anesthesiologists, P.C.*, 657 F. App'x 19, 23 (2d Cir. 2016) (citing 9 U.S.C. § 3). Dismissal of an arbitable matter instead of issuing a stay "effectively converts an otherwise-unappealable interlocutory stay order into an appealable final dismissal order." *Katz*, 794 F.3d at 346. Therefore, it seems I would have risked reversal by dismissing the case immediately after compelling arbitration. At best, the decision to grant a stay or dismiss the action was reserved to the Court's discretion as part of the "inherent authority" to manage its docket, *id.*, and was not, as Plaintiff now claims, an improper remedy as a matter of law.

Finally, to respond to the Court of Appeals' somewhat confusing inquiry about "whether [Plaintiff's] waiver of the right to arbitrate entitles [Plaintiff] to termination of the existing stay and dismissal of the action" – it does not. Plaintiff waived his right to compel some other party to arbitrate simply by filing this lawsuit. But Defendant has an equal right to enforce the contract's arbitration clause. Defendant has not only never waived its right to arbitrate; it affirmatively sought to compel arbitration, and it won an order granting precisely that relief. The fact that Plaintiff sent a letter after that decision was docketed, announcing that he would "decline arbitration," has no effect whatever on that analysis. Plaintiff cannot "decline arbitration"; the Court has concluded that he is subject to an arbitration clause that Defendant insists on abiding by, so Plaintiff has to arbitrate his dispute whether he wants to or not. His "declination" has no

4

legal force or effect; it does not wipe out the Court's order compelling him to arbitrate, or the legally correct order staying rather than dismissing this lawsuit.

## II. Motion for Certification

In the alternative, Plaintiff moves for certification of the February 9 order for interlocutory appeal. That motion, too, is declined.

The applicable statute provides: "When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order *involves a controlling question of law* as to which there is *substantial ground for difference of opinion* and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order." 28 U.S.C. § 1292(b) (emphases added).

The "controlling question of law" that Plaintiff asserts should warrant interlocutory appeal is whether FLSA claims are, in general, nonarbitable under the FAA. Plaintiff asserts that there is substantial ground for difference of opinion on this question.

"[A] substantial ground for difference of opinion [exists] when (1) there is conflicting authority on the issue, or (2) the issue is particularly difficult and of first impression for the Second Circuit." *Capitol Records, LLC v. Vimeo*, LLC, 972 F. Supp. 2d 537, 551 (S.D.N.Y. 2013) (internal quotation marks omitted).

Plaintiff does not even attempt to argue that conflicting authority exists on this question, and points to no case in which another court has held that FLSA claims are categorically nonarbitable.

The Second Circuit has never held or suggested that FLSA claims are nonarbitable; indeed, it has compelled the arbitration of FLSA claims in the past. *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 297 (2d Cir. 2013) (upholding contractual provision mandating individual arbitration of claims despite FLSA's protections for collective action). District courts in this

5

Circuit have forced the parties to FLSA disputes to abide by their arbitration clauses for decades. *See Steele v. L.F. Rothschild & Co.*, 701 F. Supp. 407, 408 (S.D.N.Y. 1988). Courts in other circuits have similarly held FLSA claims to be arbitable; none apparently has ever held them to be categorically exempt from the FAA. *See, e.g., Owen v. Bristol Care, Inc.*, 702 F.3d 1050, 1052 (8th Cir. 2013) ("[Plaintiff] identifies nothing in either the text or legislative history of the FLSA that indicates a congressional intent to bar employees from agreeing to arbitrate FLSA claims individually, nor is there an 'inherent conflict' between the FLSA and the FAA."); *Walker v. Ryan's Family Steak Houses, Inc.*, 400 F.3d 370, 377 (6th Cir. 2005) ("[S]tatutory claims may be the subject of an arbitration agreement, including employment discrimination claims and claims under the FLSA.").

Plaintiff asserts that the question is "particularly difficult and of first impression in the Second Circuit," and so should be certified for interlocutory review. In support, Plaintiff points to the Supreme Court's recent grants of certiorari in *Morris v. Ernst & Young, LLP*, 834 F.3d 975 (9th Cir. 2016), *cert. granted*, No. 16-300, 2017 WL 125665 (Jan. 13, 2017), *Murphy Oil USA, Inc. v. N.L.R.B.*, 808 F.3d 1013 (5th Cir. 2015), *cert. granted*, No. 16-307, 2017 WL 125666 (Jan. 13, 2017), and *Lewis v. Epic Sys. Corp.*, 823 F.3d 1147 (7th Cir. 2016), *cert. granted*, No. 16-285, 2017 WL 125664 (Jan. 13, 2017). But none of those cases addressed the arbitability of FLSA claims; the issue they presented was whether the National Labor Relations Act bars the enforcement of mandatory arbitration clauses that waive the right to *class and collective arbitration*. Plaintiff has not brought a class or collective action, so the outcome of those cases in the Supreme Court will have no effect on his claims. Furthermore, the question presented in each case is whether a narrow portion of an otherwise enforceable arbitration clause – the waiver of collective dispute resolution – is unenforceable under certain circumstances, not whether

6

mandatory arbitration clauses are generally unenforceable when a plaintiff asserts a particular type of claim. Finally, nothing in these cases (or in any others of which I am aware) suggests that the Supreme Court (or the Second Circuit) would refuse to enforce a mandatory arbitration clause in a contract like the one at issue here. Thus far, the Supreme Court has indicated a decided preference for enforcing arbitration clauses exactly as written. In *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 352 (2011), it held that waivers of class-based arbitration are enforceable in consumer adhesion contracts, preempting California state law that held such clauses to be unconscionable. In *Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2312 (2013), it reaffirmed the holding in *Concepcion* and held that a waiver of class arbitration is enforceable even when the plaintiff's cost of individually arbitrating a federal statutory claim exceeds the potential recovery.

Plaintiff also points to the pending decisions in the Second Circuit in *Rodriguez-Depena v. Parts Authority, Inc.*, No. 16-3396, and *Bynum v. Maplebear Inc.*, No. 16-3348, both of which include, as a question on appeal, whether FLSA claims are *per se* nonarbitable. Both of these cases were brought by Plaintiff's counsel in this case; in both cases the district court judges rejected Plaintiff's contention that FLSA claims are *per se* nonarbitable. *See Rodriguez-Depena*, No. 15-cv-6463, Dkt. No. 18, slip op. at *4 (E.D.N.Y. Sept. 30, 2016) ("FLSA claims brought by parties subject to valid arbitration agreements can - and must - be arbitrated."); *Bynum*, 2016 WL 4995093, at *7 ("Plaintiff has not pointed to anything in the text of the FLSA that suggests Congress intended to preclude arbitration of FLSA claims."). The fact that Plaintiff's counsel has raised in other cases the issue he seeks to appeal here does not establish that there is a substantial ground for difference of opinion on the question of arbitrability – other than, I suppose, a

difference of opinion between Plaintiff's counsel and the many judges in this Circuit and elsewhere who have already (and unanimously) rejected his argument.

In any event, the fact that appeals have been lodged in these cases does not conflict with the Court's earlier conclusion that Plaintiff has no right to convert this Court's stay into a dismissal so as to permit an immediate appeal as of right. In *Rodriguez-Depena*, it appears that no party requested a stay in the event the court granted the defendants' motion to compel arbitration. *Rodriguez-Depena*, No. 15-cv-6463, at *4 ("Defendants have filed a motion to compel arbitration and dismiss this action."). Thus, it was within Judge Vitaliano's discretion to dismiss the action rather than grant a stay, and the plaintiff's appeal of that decision was not interlocutory. In *Bynum*, Judge Weinstein dismissed the action with prejudice after the plaintiff sought to voluntarily withdraw her complaint with prejudice, and the plaintiff has sought an appeal of that decision in the Second Circuit. *Bynum*, 2016 WL 4995093, at *12. Although the Circuit has not yet acted on that appeal, the appeal of a voluntary dismissal appears to this Court to be improper, given the rule that "A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it." *Deposit Guar. Nat. Bank, Jackson, Miss. v. Roper*, 445 U.S. 326, 333 (1980).

Plaintiff has thus failed to meet his burden of showing that interlocutory review is warranted here. *See Bynum v. Maplebear Inc.*, No. 15-CV-6263, 2016 WL 4995093, at *8 (E.D.N.Y. Sept. 19, 2016) (denying certification for interlocutory appeal of an order presenting the same issue).

To the extent that Plaintiff asserts that his claims are nonarbitable because he is a "transportation worker," and therefore exempt under FAA § 1 – an argument only obliquely raised in his most recent brief, and not in the context of seeking interlocutory review – he fares

8

no better. Plaintiff failed to raise that argument, even obliquely, before this Court when he opposed the motion to compel arbitration. As a result, it was not addressed in the Court's February 9 order. "Section 1292(b) was not designed to bring up the merits without prior adjudication in the trial court; the section allows interlocutory appeal of orders—not interlocutory appeal of issues. Consequently, there has to be an order to appeal from that decides the merits of the 'controlling question' certified." *N.Y. City Health & Hosps. Corp. v. Blum*, 678 F.2d 392, 396-97 (2d Cir. 1982).

**Conclusion**

For the foregoing reasons, Plaintiff's motion (Dkt. No. 47) is DENIED.

The Court originally scheduled a hearing for April 7 to address whether Plaintiff was seeking to voluntarily dismiss his complaint with prejudice, and to explain to him the consequences of doing so – including the fact that voluntary dismissal would not result in vacatur of the court's decision compelling arbitration and would likely result in a loss of Plaintiff's claims. *See Bynum*, 2016 WL 4995093, at *12 (granting a voluntary dismissal after conducting a similar hearing). However, by making this motion, it appears that Plaintiff is no longer seeking to voluntarily dismiss his complaint, and merely was seeking to alter this Court's original decision compelling arbitration. In light of that fact, the Court directs the parties to inform the Court in writing within five days whether a conference is still needed. If neither party requests a conference, it will be cancelled.

The Clerk of the Court is directed to remove Dkt. No. 47 from the Court's list of pending motions.

Dated: March 20, 2017

_____
U.S.D.J.

BY ECF TO ALL COUNSEL

10